## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW HOPKINS, | : |
| | : Case No. _____ |
| Plaintiff, | : |
| | : <u>JURY TRIAL DEMANDED</u> |
| v. | : |
| | : **COMPLAINT FOR VIOLATION OF THE** |
| SUMMER INFANT, INC., ROBIN | : **SECURITIES EXCHANGE ACT OF 1934** |
| MARINO, STUART NOYES, ALAN | : |
| MUSTACCHI, STEPHEN ZELKOWICZ, | : |
| EVELYN D'AN, and ANDREW TRAIN, | : |
| | : |
| Defendants. | : |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

### NATURE OF ACTION

1.      On March 16, 2022, Summer Infant, Inc. ("Summer" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") to be acquired by Kids2, Inc. ("Kids2") and Project Abacus Acquisition Corp. ("Merger Sub") (the "Proposed Merger").

2.      Under the terms of the Merger Agreement, Summer's stockholders will receive $12.00 in cash per share.

3.      On April 8, 2022, defendants filed a proxy statement (the "Proxy") with the U.S. Securities and Exchange Commission (the "SEC").

4.      As alleged herein, the Proxy fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper under 15 U.S.C. § 78aa because the Proxy, which plaintiff alleges to be materially false and misleading, was transmitted by defendants into this District, including to plaintiff, who resides in this District. *See, e.g., Wojtunik v. Kealy*, 2003 WL 22006240, at *5-6 (E.D. Pa. Aug. 26, 2003).

## THE PARTIES

8.      Plaintiff is and has been continuously throughout all relevant times the owner of Summer common stock.  Plaintiff resides in this District.

9.      Defendant Summer is a Delaware corporation.  Summer's common stock is traded on the NASDAQ under the ticker symbol "SUMR."

10.      Defendant Robin Marino is Chairperson of the Board of Directors of Summer (the "Board").

11.      Defendant Stuart Noyes is Chief Executive Officer and a member of the Board.

12.      Defendant Alan Mustacchi is a member of the Board.

13.      Defendant Stephen Zelkowicz is a member of the Board.

14.      Defendant Evelyn D'An is a member of the Board.

15.     Defendant Andrew Train is a member of the Board.

16.     Defendants identified in ¶¶ 10-15 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

17.     Summer is a global leader of premium juvenile brands driven by a commitment to people, products, and purpose.

18.     On March 16, 2022, Summer entered into the Merger Agreement.

19.     The press release announcing the Proposed Merger provides as follows:

Summer Infant, Inc., doing business as SUMR Brands ("SUMR Brands" or the "Company") (NASDAQ: SUMR), a leader in premium infant and juvenile products, today announced that it and Kids2, Inc. ("Kids2"), a global company that designs solutions to help early-stage parents and families, have entered into a definitive merger agreement pursuant to which Kids2 will acquire all of the issued and outstanding common stock of the Company for cash. Under the terms of the agreement, the Company's stockholders will receive $12.00 in cash for each share of Company common stock that they own, implying a 41.2% premium to the closing price of the Company's common stock on March 15, 2022. The transaction has been unanimously approved by the Company's Board of Directors, and Wynnefield Capital and Jason Macari, significant stockholders of the Company, have signed voting agreements in support of the transaction. The transaction is expected to close in the second quarter of 2022.

Stuart Noyes, the Company's CEO, said, "We are pleased with the value creation this transaction brings to SUMR's shareholders and believe it is beneficial to all stakeholders, as it ensures our leading brands are available and supported by a larger, broad-based global organization. We look forward to continuing to serve our customers through exceptional products and industry-leading innovation."

"This acquisition is a critical move in our long-term vision and growth strategy -- and we are excited about the many synergies between Kids2 and Summer Infant," added Ryan Gunnigle, CEO of Kids2. "We continue to see consolidation in our industry and macro consumer trends with the next generation of parents that require us to do more. The economics of scale and diversity of solutions that come with this acquisition will help us continue to create more tiny wins and added value for our partners and the parents we serve across the globe. With this acquisition, Kids2 will leverage its already existing brand platform strength and add new adjacent categories from Summer Infant's portfolio to further scale globally. Additionally, our global supply chain will be complemented by Summer Infant's capabilities

which will allow us to drive wider global distribution. The combined innovation of both, along with more collaboration of industry expertise, will lend itself to more ideation and delivery of more solutions for families across the globe."

The transaction is subject to customary closing conditions, including Company stockholder approval, as well as the closing of debt financing by Kids2 to fund the acquisition. Upon completion of the transaction, the Company will become a privately-held company and its common stock will no longer be listed on the Nasdaq Capital Market.

Consensus Advisors is acting as financial advisor to SUMR and Greenberg Traurig, LLP is serving as its legal counsel. The Duff & Phelps' Opinions Practice of Kroll, LLC provided an independent fairness opinion to the Board of Directors of SUMR. Lincoln International, LLC is acting as financial advisor to Kids2 and Foley & Lardner LLP is serving as its legal counsel.

20.     On April 8, 2022, defendants filed the Proxy, which fails to disclose material information regarding the Proposed Merger.

## Financial Projections

21.     The Proxy fails to disclose material information regarding Summer's financial projections, specifically: the line items underlying the financial projections.

22.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

## Financial Analyses

23.     The Proxy fails to disclose material information regarding the financial analyses conducted by Duff & Phelps.  When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

24.     Regarding Duff & Phelps's Income Approach (Discounted Cash Flow Analysis), the Proxy fails to disclose: (i) the unlevered free cash flows utilized by Duff & Phelps; (ii) the

terminal values utilized by Duff & Phelps; and (iii) the inputs and assumptions underlying the discount rates and terminal growth rates utilized by Duff & Phelps.

<u>Background of the Proposed Merger</u>

25.     The Proxy fails to disclose whether Summer signed any NDAs containing don't ask, don't waive provisions.

## COUNT I

**Claim Against the Individual Defendants and Summer for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

26.     Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

27.     The Individual Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

28.     Summer is liable as the issuer of these statements.

29.     The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy.

30.     The Individual Defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

31.     The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

32.     A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information reasonably available to stockholders.

33.     The Proxy is an essential link in causing plaintiff to approve the Proposed Merger.

34.     Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

35.     Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

36.     Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

37.     The Individual Defendants acted as controlling persons of Summer within the meaning of Section 20(a) of the Exchange Act as alleged herein.

38.     Due to their positions as officers and/or directors of Summer and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

39.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

40.     Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to

control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

41.     The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger.  They were thus directly involved in the making of the Proxy.

42.     Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

43.     The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

44.     These defendants are liable pursuant to Section 20(a) of the Exchange Act.

45.     Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A.      Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B.      In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C.      Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E.      Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

<strong>JURY DEMAND</strong>

Plaintiff requests a trial by jury on all issues so triable.

Dated:  April 20, 2022                                      **GRABAR LAW OFFICE**

                                                     By: _____
                                                          Joshua H. Grabar (#82525)
                                                          One Liberty Place
                                                          1650 Market Street, Suite 3600
                                                          Philadelphia, PA 19103
                                                          267-507-6085
                                                          jgrabar@grabarlaw.com

                                                          *Counsel for Plaintiff*